# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JESUS NAME APOSTOLIC CHURCH**                                **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:09cv209-KS-MTP**

**GUIDEONE ELITE INSURANCE COMPANY**                                **DEFENDANT**

## ORDER

THIS MATTER is before Court on the Motion [31] to Compel and the Motion for Order of Contempt filed by Defendant GuideOne Elite Insurance Company ("GuideOne"). Having considered the submissions of the parties, the arguments of counsel, and the applicable law, the Court finds that GuideOne's Motion to Compel [31] should be granted in part and denied in part and that GuideOne's Motion for Order of Contempt [33] should be granted in part and denied in part.

In its Motion for Order of Contempt [33], GuideOne asks the Court to enter an order compelling Tremaine Enterprises, Inc. ("Tremaine"), a non-party public adjusting company, to produce certain documents pursuant to a subpoena duces tecum issued by the U.S. District Court for the Eastern District of Louisiana. *See* Ex. 2 to Motion [33-2]. Further, due to Tremaine's alleged willful contempt, GuideOne asks the court to sanction Tremaine. Because the subpoena was issued by the Eastern District of Louisiana, this Court has no jurisdiction to enforce the subpoena or to hold a person in contempt for failing to comply with the subpoena. *See* Fed. R. Civ. P. 45; *see also Burks v. Fulmer Helmets, Inc*., No. 2:08-CV-28-A-A, 2009 WL 742723, at *2 (N.D. Miss. Mar. 17, 2009). Accordingly, the Motion [33] should be denied in this respect.

GuideOne's Motion [33] also asks for Court intervention on the location of certain expert depositions. *See* Motion at ¶ 13. For the reasons set forth at the hearing, the Court finds that

Plaintiff shall make Chris Tremaine and Kelly Spence available for deposition in New Orleans, Louisiana. Accordingly, this portion of the motion should be granted.

In its Motion [31] to Compel, GuideOne seeks an order from the Court compelling supplemental responses to certain discovery requests. The Court finds that the motion should be granted in part and denied in part. Accordingly,

IT IS, THEREFORE, ORDERED:

1. GuideOne's Motion for Order of Contempt [33] is GRANTED in part and DENIED in part. The motion is granted to the extent that GuideOne requests that Plaintiff make Chris Tremaine and Kelly Spence available for deposition in New Orleans, Louisiana. The remaining relief requested in the motion is denied.

2. GuideOne's Motion to Compel [31] is GRANTED in part and DENIED in part as set forth below:

    a. The motion is granted as to Interrogatory No. 6. Plaintiff shall supplement its answer.

    b. The motion is granted as to Interrogatory No. 10. Plaintiff shall supplement its answer. To the extent Plaintiff recalls any communications with GuideOne following the loss, those communications should be identified.

    c. The motion is granted as to Interrogatory No. 13. Plaintiff shall supplement its answer.

    d. The motion is granted in part and denied in part as to Interrogatory No. 14. Plaintiff shall supplement its answer to include its gross income for the months of August and September for the years 2003, 2004, 2005, and 2006.

    e. The motion is granted as to Interrogatory No. 16. Plaintiff shall supplement its

answer to include the address and telephone number of the individuals identified in its answer to the extent it is within its knowledge, possession, custody, or control. If this information is unknown to Plaintiff, it shall so state in its answer.

  f.  The motion is granted in part and denied in part as to Request No. 6. Plaintiff shall supplement its answer to include its attendance/membership records for the months of August and September for the years 2003, 2004, 2005, and 2006. It shall also produce all documents regarding its claim, including business records, and building construction/ maintenance records. Plaintiff shall supplement its answer to state what has been or will be produced. The response "Please see attached" is not sufficient.

  g.  The motion is granted as to Request No. 7. Plaintiff shall supplement its answer to state what has been or will be produced. The response "Please see attached" is not sufficient.

  h.  The motion is granted as to Request No. 8. Plaintiff shall supplement its answer to state what has been or will be produced. The response "Please see attached" is not sufficient.

  i.  The motion is denied as duplicative as to Request No. 9.

  j.  The motion is granted as to Request No. 10. Plaintiff shall supplement its answer to state what has been or will be produced. Plaintiff shall also identify the requested records that will not be produced either because they do not exist or are not within its possession, custody or control. The response "Please see attached" is not sufficient.

  k.  The motion is denied as duplicative as to Request No. 14.

  l.  The motion is granted in part and denied in part as to Request No. 15. The Court previously ruled on the relevant time period regarding the business income for Plaintiff. *See supra*, ¶ 2d. To the extent Plaintiff has records to support this information, they shall be produced.

m. The motion is granted as to Request No. 16.

n. The motion is granted in part and denied in part as to Request No. 17. Plaintiff shall produce the requested emails to the extent they exist and are within Plaintiff's possession, custody, or control. Plaintiff shall supplement its answer to state what has been or will be produced. The response "Please see attached" is not sufficient.

o. The motion is denied as to Request No. 18.

p. The motion is granted in part and denied in part as to Request No. 19. This request is granted to the extent previously ordered. *See supra*, ¶ 2n. Plaintiff shall supplement its response. The response "Please see attached" is not sufficient.

q. GuideOne's request for costs and fees is denied at this time.

r. Plaintiff shall produce any documents or information and serve any supplemental responses as directed by this Order by August 20, 2010.

SO ORDERED this the 9th day of August, 2010.

s/ Michael T. Parker
United States Magistrate Judge